## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ERIC MONTANEZ,

                Petitioner,                Case Number: 2:13-CV-14763
                                              HONORABLE VICTORIA A. ROBERTS

v.

L. RAPELJE,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION TO STAY PROCEEDINGS AND
## DISMISSING PETITION WITHOUT PREJUDICE

**I.**      **Introduction**

Michigan state prisoner Eric Montanez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting he is being held in violation of his constitutional rights. Petitioner was convicted in the Oakland County Circuit Court of assault with a dangerous weapon, MICH. COMP. LAWS § 750.82; two counts of assault with intent to commit murder, MICH. COMP. LAWS § 75083; and two counts of felony firearm, MICH. COMP. LAWS § 750.227b.

Petitioner's motion for a stay of the proceedings is now before the Court so that he can raise three unexhausted claims in the state courts.

The Court denies Petitioner's motion for a stay and instead dismisses the habeas petition without prejudice. The Court also denies a certificate of appealability.

## II.      Procedural History

Petitioner was convicted by a jury in Oakland County Circuit Court.  On July 6, 2011, he was sentenced to 17 to 50 years' in prison for each assault with intent to murder conviction, two to four years' in prison for the felonious assault conviction, and two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right with the Michigan Court of Appeals raising these claims: (i) offense variable 3 was incorrectly scored, (ii) the prosecutor improperly asserted facts not in evidence and vouched for the credibility of prosecution witnesses, and (iii) trial counsel was ineffective for failing to object to the prosecutor's comments. The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Montanez,* No. 305358, 2012 WL 6604710 (Mich. Ct. App. Dec. 18, 2012) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claims.  The Michigan Supreme Court denied leave to appeal.  *People v. Montanez*, 494 Mich. 852 (Mich. May 22, 2013).

Petitioner filed his federal habeas petition on November 15, 2013.

## III.     Discussion

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").  To satisfy this requirement, the claims must be "fairly presented" to the

2

state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The petition raises claims that Petitioner admits were not previously raised in state court. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the habeas standard of 28 U.S.C. § 2254. Furthermore, the state court proceedings may result in the reversal of Petitioner's convictions, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *see also Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). Non-prejudicial

3

dismissal of the petition is warranted under such circumstances.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has not shown the need for a stay. Although he may be concerned that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a problem, it does not. The one-year period does not begin to run until 90 days after the conclusion of direct appeal. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires). The Michigan Supreme Court denied leave to appeal on May 22, 2013, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later – on August 20, 2013. Petitioner filed his federal habeas petition on November 15, 2013. Thus, approximately nine months of the one-year period remained when he filed the petition. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral

review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time may be equitably tolled.  *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts.  *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).  Even absent equitable tolling during the pendency of this habeas proceeding, over five months of the one-year limitations period remains.  Petitioner has ample time to fully exhaust his state court remedies and return to federal court should he wish to do so.

Thus, even assuming that Petitioner has not engaged in "intentionally dilatory tactics" and has shown "good cause" for failing to fully exhaust issues in the state courts before seeking federal habeas relief, he has not shown the need for a stay.  Lastly, his unexhausted claims concern matters of federal law which do not appear to be "plainly meritless."  The state courts should be given a fair opportunity to rule on them.  Under these circumstances, a stay is unwarranted; a non-prejudicial dismissal of the habeas petition is appropriate.

IV.   **Conclusion**

The Court **DENIES** Petitioner's Motion to Hold In Abeyance Petitioner's Petition for Writ of Habeas Corpus [dkt. #2] and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  If Petitioner wishes to proceed on the claims contained in the petition and abandon his unexhausted claims, he may move to reopen

these proceedings within thirty days from the date of the Order.

The Court **DENIES AS MOOT** Petitioner's Motion to Have Court Rule Upon Petitioner's Motion to Stay [dkt. # 6] and Motion to Compel a Ruling Upon Petitioner's Motion to Hold In Abeyance His Petition for Writ of Habeas Corpus [dkt. # 7].

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  Reasonable jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, the Court **DENIES** a certificate of appealability.  This case is closed.

**SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  February 24, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Eric Montanez by electronic means or U.S. Mail on February 24, 2014.

S/Carol A. Pinegar
Deputy Clerk